UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| FRANK MORROW, | No. C 11-02351 LB |
| Plaintiff(s), | **ORDER (1) GRANTING DEFENDANT ANTHONY BATTS'S MOTION TO QUASH AND (2) TO SHOW CAUSE RE: FAILURE TO SERVE CERTAIN DEFENDANTS** |
| v. | |
| CITY OF OAKLAND, | |
| Defendant(s). | |

On May 12, 2011, *pro se* plaintiff Frank Morrow sued the City of Oakland, California and eleven individuals (collectively, "Defendants") for violation of state and federal law in relation to his employment as an Oakland police officer. *See* Original Complaint, ECF No. 1.[1] On September 14, 2011 – 125 days after he filed his Original Complaint, which it appears he never served on Defendants – Mr. Morrow filed a First Amended Complaint. FAC, ECF No. 6.

Shortly thereafter, Morrow filed a letter requesting additional time to serve his First Amended Complaint on Defendants. Request, ECF No. 9. The court granted Mr. Morrow's request on October 4, 2011 and directed him to serve the First Amended Complaint and summons on Defendants no later than December 8, 2011. 10/04/2011 Order, ECF No. 10. The court noted that should he fail to serve Defendants by then, Mr. Morrow would run the risk of having his case dismissed without prejudice. *Id*. at 2.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-02351 LB

1    On December 5, 2011, Mr. Morrow filed proofs of service for eight of the twelve Defendants.
2 Proofs of Service, ECF No. 16.[2]  No proof of service or executed summons was filed with respect to
3 defendants City of Oakland, Wayne Tucker, David Jeffries, or Jo Anne Sommerville.  Defendants
4 City of Oakland and Jo Anne Sommerville nevertheless moved (along with seven other properly-
5 served defendants) to dismiss Mr. Morrow's complaint and did not challenge the sufficiency of
6 service, and so they have waived their rights to do so.  *See* Fed. R. Civ. P. 12(b), (g)(1), (h); *Golden*
7 *v. Cox Furniture Mfg. Co.*, 683 F.2d 115, 118 (5th Cir. 1982) (a litigant must "exercise great
8 diligence in challenging . . . service of process . . . he must do so at the time he makes his first
9 defensive move — whether it be a Rule 12 motion or a responsive pleading").

10   On December 9, 2011, defendant Anthony Batts filed a motion to quash the service of the
11 summons and to dismiss Mr. Morrow's complaint.  Motion to Quash, ECF No. 18.[3]  In his motion,
12 Mr. Batts states that he has never been served with the complaint or summons.  *Id*. at 2 (citing Batts
13 Declaration, ECF No. 18-1 at ¶ 4).  He points out that the proof of service filed by Mr. Morrow
14 states that he was personally served at 200 2nd Street, # 207, Oakland, California, 94607 on
15 November 16, 2011 at 10:37 a.m.  *Id*. (citing Proofs of Service, ECF No. 16 at 8; Batts Declaration,
16 ECF No. 18-1 at ¶ 3.).  Mr. Batts maintains that this cannot possibly be correct because he was in
17 southern California at that time.  *Id*. (citing Batts Declaration, ECF No. 18-1 at ¶ 3).  Indeed, while
18 the address of service is Mr. Batts's former residence, Mr. Batts states that he moved to southern
19 California on November 6, 2011 and that he has not returned to Oakland since.  *Id*. (citing Batts
20 Declaration, ECF No. 18-1 at ¶ 3).

21   Mr. Morrow did not file any opposition to Mr. Batts's motion, thus leaving only the proof of
22 service and Mr. Batts's declaration to assist the court in this matter.  As the court has no reason to
23 doubt Mr. Batts's claim and because Mr. Morrow has not presented any contrary description of the

---

[2] Mr. Morrow filed proofs of service for defendants John Russo, Anthony Batts, Howard Jordan, Jeffrey Israel, Sean Whent, Chris Shannon, Donna Hoppenhauer, and Vicki Laden.  *See* Proofs of Service, ECF No. 16.

[3] Pursuant to Civil Local Rule 7-1(b), the court finds that this matter is suitable for determination without oral argument and the January 19, 2012 hearing is VACATED.  The hearing on Defendants' motion to dismiss, currently set for February 2, 2012, however, remains on calendar.

UNITED STATES DISTRICT COURT
For the Northern District of California

events, the court finds that Mr. Batts has never properly been served. Accordingly, the court GRANTS Mr. Batts's motion to quash Mr. Morrow's purported service of process on him.

This leaves three defendants – Mr. Batts, Mr. Tucker, and Mr. Jeffries – for whom Mr. Morrow has not submitted evidence of their proper service. The problem with the service of Mr. Batts was discussed above, and the court is at a loss with respect to the service of Mr. Tucker and Mr. Jeffries. Mr. Morrow has provided no evidence that they have been properly served, and they have not joined the motion to dismiss or made appearances in this case. Accordingly, the court ORDERS Mr. Morrow to show cause, no later than February 2, 2012, why Mr. Batts, Mr. Tucker, and Mr. Jeffries should not be dismissed from this action for his failure to serve them as required by Rule 4(m) and as directed by this court in its 10/04/2011 Order.

This disposes of ECF No. 18.

**IT IS SO ORDERED.**

Dated: January 13, 2012

_____
LAUREL BEELER
United States Magistrate Judge