UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| FRANK MORROW, | No. CV11-02351 LB |
| Plaintiff, | |
| v. | **CASE MANAGEMENT ORDER FOLLOWING THE NOVEMBER 26, 2012 FURTHER CASE MANAGEMENT CONFERENCE** |
| CITY OF OAKLAND, et al., | |
| Defendants. | |

Following the Further Case Management Conference held on November 26, 2012, the court orders the following:

**A. Initial Disclosures**

The court lifts the stay on initial disclosures and directs that they be completed in two weeks.

**B. Discovery**

For now, given the proportionality concerns of Rule 26 and the amount at stake in this litigation, the court directs the following initial discovery (and no additional discovery is permissible absent the stipulation of the parties or a court order):

    **1. Definitions**

        a.  "Concerning" means referring to, describing, evidencing, or constituting.

        b.  "Document" or "documents" are meant to be "documents" and "electronically stored information" as used in Fed. R. Civ. P. 34(a).

c. "Identify" when referring to "persons" means to give the person's (1) full name; (2) present or last known address and telephone number; (3) present or last known place of employment; (4) relationship, if any, to the plaintiff or defendant.  Once identified this way, only the name of the person need be listed in response to subsequent discovery about the person.

**2.** **Employment Decision**.  The relevant employment decision is the denial of Mr. Morrow's request to transfer to the Criminal Investigative Division ("CID") of the Oakland Police Department.

**3.** **Time Period For Discovery**:  For purposes of this production, the relevant time period is three years before the employment decision, unless otherwise specified.  That should be applied as follows.  Discrimination and retaliation evidence before the CID transfers might be background evidence for the CID claim, and that is why a three-year period is appropriate.  At the same time, the activities complained of are in a relatively compact time period beginning about six months before August 2007 (the date that the other employee allegedly was recommended for transfer to the CID before Mr. Morrow) through January 2008 (when Mr. Morrow was transferred to the CID following his return from disability leave in October 2007).  Evidence about these activities would be only in this time period. Evidence about equitable tolling, on the other hand, might be from the time period after the transfer to the CID.)

**4.**   **Time Period for Productions**:   Two weeks from the date of this order.

**5**.  **Production by Mr. Morrow**

a. All communications concerning the factual allegations at issue in this lawsuit between Mr. Morrow and Defendants.

b. Claims, lawsuits, administrative charges, and complaints by Mr. Morrow that rely upon any of the same factual allegations or claims at issue in this lawsuit (to include all complaints and administrative actions that Mr. Morrow made after the employment action at issue in this lawsuit that he may rely on to establish equitable tolling, regardless of the relevant time period).

c. Documents concerning the terms and conditions of the employment relationship at issue in this lawsuit.

d. Any other documents Mr. Morrow relies on to support his claims.

e. Identify persons who Mr. Morrow believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit and a brief description of this knowledge.

f. Describe the categories of damages Mr. Morrow seeks.

**6.  Production By Defendants**

a. All communications concerning the factual allegations or issues in this lawsuit among or between (1) Mr. Morrow and Defendants and (2) Mr. Morrow's managers and/or supervisors and/or Defendants' human resource specialists.

b. Responses to claims, lawsuits, administrative charges, and complaints by Mr. Morrow that rely on any of the same factual allegations or claims as those at issue in this lawsuit

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

c. Documents concerning the terms and conditions of the employment relationship at issue in this lawsuit, regardless of the relevant time period.

d. Mr. Morrow's personnel file, in any form, maintained by Defendants, including files maintained by Mr. Morrow's supervisors or managers or Defendants' human resource specialists, regardless of the relevant time period.

e. Documents relied on to make the employment decision at issue in this lawsuit.

f. Workplace policies or guidelines in effect at the time of the employment decision in this lawsuit. These may include policies or guidelines that address promotion, discrimination, performance reviews or evaluations, retaliation, and the nature of the employment relationship.

g. Documents concerning the investigation of any complaint made by Mr. Morrow's if relevant to his factual allegations or claims at issue in this lawsuit and otherwise not privileged.

h. Any other documents upon which Defendants rely to support the defenses, affirmative defenses, and counterclaims, including any other documents describing the reason for the employment decision.

i. Identify Mr. Morrow's supervisors and managers.

j. Identify the persons presently known to Defendants who were involved in making the decision about the employment decision in this lawsuit.

k. Identify the persons Defendants believe to have knowledge about the claims or defenses in this lawsuit and a brief description of that knowledge.

As the court explained at the case management conference, this discovery is meant to illuminate the entire documentary landscape (paper and electronically-stored information) and allow exchange of information about persons with knowledge about the claims that remain in this lawsuit: the Section 1981 claim against Mr. Israel and the Section 1294(k) claim against the City of Oakland based on Mr. Israel's denial of Mr. Morrow's request to transfer to the CID.

If the discovery poses a particular burden that the court is overlooking, the parties should let the court know, but this is the discovery contemplated by the requests for production.

The court also stays the requests for admissions for now. According to Defendants, there are hundreds of them, and many are about things that really are not in dispute. The court expects that once the documents and information contemplated by this section are provided, and the parties comply with the procedures in the next section, Mr. Morrow may agree that many are unnecessary. Also, the court is concerned about proportionality and the burden that the requests for admission pose, particularly given that Defendants believe that they have case-dispositive motions.

**C. Other Procedures**

Defendants' potential case dispositive motions turn on its views that (1) Mr. Israel was not involved with the selection of the officer who was transferred because the recommendation for transfer took place six months before Mr. Israel became the Deputy Chief in charge of the CID, and he made no decision about Mr. Morrow's transfer, and (2) the statute of limitations ran on the section 12940(k) claim, and facts do not establish equitable tolling. Defendants want to file early summary judgment motions on these issues.

To facilitate the parties' ability to comply with the court's standing order requiring joint statements of undisputed fact, and after discussing the procedure with the parties at the case management conference, the court orders the following:

Within 21 days, Defendants will serve Mr. Morrow with a proposed statement of undisputed facts that includes all declarations and evidence that Defendants plan to use in support of their motion for summary judgment.

Within 21 days after receipt of Defendants' proposed statement of undisputed facts, Mr. Morrow will serve Defendants with all declarations and evidence that he plans to use in support of his Opposition to Defendants' proposed statement of undisputed facts.

Within 14 days after receipt of Mr. Morrow's declarations and supporting evidence, Defendants will serve him with a proposed joint statement of undisputed facts that shall include the positions of all parties along with any additional facts and evidence submitted by Mr. Morrow to Defendants.

Within 7 days of receipt of the proposed joint statement of undisputed facts, Mr. Morrow will serve Defendants with either (1) notification of his agreement with the proposed joint statement of undisputed facts or (2) his proposed changes to the proposed joint statement.

After submission to the court of a finalized proposed joint statement of undisputed facts, Defendants may file their motion for summary judgment pursuant to Rule 56.

**IT IS SO ORDERED**.

Dated: November 28, 2012

_____
LAUREL BEELER
United States Magistrate Judge

CASE MANAGEMENT ORDER
CV11-02351 LB

United States District Court
For the Northern District of California