UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| FRANK MORROW, | No. C 11-02351 LB |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' ADMINISTRATIVE MOTION RE: JOINT STATEMENT OF UNDISPUTED FACTS** |
| v. | |
| CITY OF OAKLAND, et al., | |
| Defendants. | [Re: ECF No. 134] |
| _____/ | |

Although there is ample time left in this case, Defendants wish to file, as they may, an early motion for summary judgment.[1] The undersigned's standing order provides that a party's motion for summary judgment must be accompanied by a joint statement of material facts that the parties agree are not in dispute. Standing Order at 4. The joint statement must include – for each undisputed fact – citations to admissible evidence. *Id.*

In submitting the joint statement, the parties must comply with the procedures set forth in Civil Local Rule 56-2(b). Rule 56-2(b), in turn, provides: "If the assigned Judge orders the submission of a joint statement of undisputed facts, the parties shall confer and submit, on or before a date set by the assigned Judge, a joint statement of undisputed facts." N.D. Civ. L.R. 56-2(b). It goes on: "If

---

[1] Non-expert discovery closes on July 4, 2013, expert discovery closes on August 19, 2013, the last day for hearing dispositive motions is October 17, 2013, and trial is set for January 27, 2014. 9/17/2012 Case Management and Pretrial Order, ECF No. 76 at 2.

C 11-02351 LB
ORDER

the nonmoving party refuses to join in the statement, the moving party will nevertheless be permitted to file the motion, accompanied by a separate declaration of counsel explaining why a joint statement was not filed." *Id.* In such a situation, "[w]hether or not sanctions should be imposed for failure to file a joint statement of undisputed facts is a matter within the discretion of the assigned Judge." *Id.*

In its Case Management Order dated November 28, 2012, the court attempted to make clear that adherence to these rules is both required and expected. 11/28/2012 Case Management Order, ECF No. 113 at 4. Indeed, the court took pains to set forth specific instructions about how to go about producing and submitting a joint statement of undisputed facts. *Id.* The court stated:

> Defendants' potential case dispositive motions turn on its views that (1) Mr. Israel was not involved with the selection of the officer who was transferred because the recommendation for transfer took place six months before Mr. Israel became the Deputy Chief in charge of the CID, and he made no decision about Mr. Morrow's transfer, and (2) the statute of limitations ran on the section 12940(k) claim, and facts do not establish equitable tolling. Defendants want to file early summary judgment motions on these issues.
>
> To facilitate the parties' ability to comply with the court's standing order requiring joint statements of undisputed fact, and after discussing the procedure with the parties at the case management conference, the court orders the following:
>
> Within 21 days, Defendants will serve Plaintiff with a proposed statement of undisputed facts that includes all declarations and evidence that Defendants plan to use in support of their motion for summary judgment.
>
> Within 21 days after receipt of Defendants' proposed statement of undisputed facts, Plaintiff will serve Defendants with all declarations and evidence that he plans to use in support of his Opposition to Defendants' proposed statement of undisputed facts.
>
> Within 14 days after receipt of Plaintiff's declarations and supporting evidence, Defendants will serve Plaintiff with a proposed joint statement of undisputed facts which shall include the positions of all parties along with any additional facts and evidence submitted by Plaintiff to Defendants.
>
> Within 7 days of receipt of the proposed joint statement of undisputed facts, Plaintiff will serve Defendants with either (1) Notification of Plaintiff's agreement with the proposed joint statement of undisputed facts or (2) Plaintiff's proposed changes to the proposed joint statement.
>
> After submission to the court of a finalized proposed joint statement of undisputed facts, Defendants may file their motion for summary judgment pursuant to Rule 56.

*Id.*

Now, it has come to the court's attention that the parties still are unable to produce and submit a

C 11-02351 LB
ORDER                             2

joint statement of undisputed facts. Defendants have filed an administrative motion that asks the court to relieve them from their requirement to submit a joint statement and allow them to file a separate statement. *See* Defendants' Administrative Motion, ECF No. 134.[2] Defendants describe the multiple rounds of draft joint statements that have been sent back and forth between them and Mr. Morrow, and Defendants contend that they and Mr. Morrow now are at an "impasse" and are "unable to come to an agreement" about the joint statement. *Id.* a 2. Mr. Morrow, for his part, opposes the administrative motion and says that he has complied with the procedures the court outlined in its Case Management Order dated November 28, 2012 and explains that he cannot agree to Defendants' proposed joint statement because it is to narrow in its focus. *See* Plaintiff's Opposition to Defendants' Administrative Motion, ECF No. 139.

After reviewing the various draft joint statements that the parties have sent to each other, the court wishes to make a few points. First, one of the reasons the undersigned requires the parties to file a joint statement of undisputed facts is to assist both the parties and the court in "cutting to the chase," so to speak, about whether there are genuine issues of material fact (which is the applicable standard on a motion for summary judgment). For instance, if there is no dispute about the date on which Mr. Morrow filed a request to transfer to the CID, then the parties should include this in their joint statement so the parties and the court can focus on other, possibly-disputed facts. Second, although the court hopes the parties can include as many relevant, undisputed facts as possible in their joint statement as possible, the joint statement does not need to contain every fact that the parties wish to bring to the court's attention. In other words, just because a fact is not included in the joint statement does not mean that the court cannot consider it. For example, it appears from

---

[2] Mr. Morrow argues that Defendants' administrative motion is improper because the parties should be required to address the dispute by meeting and conferring in person and then filing a joint letter brief, pursuant to the undersigned's procedure for resolving discovery disputes. *See* Plaintiff's Opposition to Defendants' Administrative Motion, ECF No. 139 at 3-4 (citing Standing Order at 2-3). While the court appreciates Mr. Morrow's attention to the undersigned's procedures for resolving discovery disputes, the parties' current dispute over the submission of a joint statement of undisputed facts is not a discovery dispute like, for example, a dispute over responses to a one party's requests for admissions is. Thus, the court finds that Defendants' administrative motion was properly filed.

some of Mr. Morrow's comments that he is worried that the court will not be able to consider the provisions of the City of Oakland's administrative policies or the consent decree filed in *Allen v. City of Oakland*, No. C00-04599 TEH, so he attempts to include them in his proposed joint statement. He need not do so. The court is not limited to only those facts that are contained in the parties' joint statement of undisputed facts. When he files either his motion for summary judgment or his opposition to Defendants' motion for summary judgment, he may set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e). To the extent that Defendants contend that any of Mr. Morrow's facts are not relevant or supported by admissible evidence, they may argue that on summary judgment.

In sum, the court believes that the parties should meet and confer again to try and work this out. The joint statement need not be exhaustive, but it should at least provide the court with facts that are clearly undisputed (and such facts do exist, as some are identified in the parties' draft joint statements). This will focus the parties on what really matters and will make the court's decision on any motion for summary judgment easier. Accordingly, the court **DENIES WITHOUT PREJUDICE** Defendants' administrative motion and **ORDERS** the parties to meet and confer in person regarding a joint statement of undisputed facts. If, after meeting and conferring, the parties still cannot agree on any undisputed facts—a result that the court will find very surprising—the parties may file a five-page letter brief that sets forth each party's concise description of the problem and each party's proposed solution.

**IT IS SO ORDERED.**

Dated: March 6, 2013

_____
LAUREL BEELER
United States Magistrate Judge